# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| ROBERT GARLAND | § | |
| | § | |
| V. | § | No. 5:10CV20 |
| | § | |
| TOLEDO FINANCE CORP., ET AL. | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. After the Magistrate Judge entered her Report and Recommendation, recommending the pro se Plaintiff's case be dismissed with prejudice and that Plaintiff should be sanctioned, Plaintiff did not file objections pursuant to 28 U.S.C. § 636(b)(1)(C). Rather, Plaintiff filed a motion to withdraw his complaint. Even though Plaintiff failed to file written objections to the Magistrate Judge's Report and Recommendation, the Court will allow Plaintiff the benefit of a de novo review when it considers both the Magistrate Judge's findings and conclusions and Plaintiff's motion to withdraw his complaint.

## FACTUAL BACKGROUND

On February 3, 2010, Robert Garland ("Plaintiff"), proceeding pro se and in forma pauperis, filed the above-entitled and numbered cause of action against Toledo Finance Corporation ("Toledo"), Stephen Shires, and April M. Gregston (collectively "Defendants"), alleging a § 1983 civil action "for deprivation of rights, consumer credit, personal injury, [and] defamation." (Compl. at 1). Shires and Gregston are employees of Mettauer, Shires and Adams law firm which represented Toledo in a state court case.

According to Plaintiff, Toledo has illegally issued over 100 loans, credit cards, etc. using Plaintiff's identity. Plaintiff alleges Shires represented Toledo in a state court case filed by Plaintiff in Lamar County, Texas. The suit was brought by Plaintiff in an attempt to stop the illegal loans and to stop Toledo's false reports to the credit reporting agencies. Plaintiff alleges he agreed to transfer the case from Lamar County, Texas because he believed the case would be transferred to federal court. Instead, the case was transferred to Shelby County, Texas. Because the courthouse in Shelby County was approximately 200 miles away from Plaintiff's residence, he alleges he could not attend court in Shelby County. Plaintiff alleges Toledo and Shires had a "great influence" on the court in Shelby county, and the case remains unresolved. (Compl. at 2).

## PROCEDURAL BACKGROUND

On March 1, 2010, Defendants filed a motion to dismiss Plaintiff's case for failure to state a claim, asserting Plaintiff cannot recover under 42 U.S.C. § 1983, and Plaintiff is further banned from this cause of action based upon the doctrine of res judicata because Plaintiff's state court case was dismissed with prejudice. Plaintiff responded to Defendants' motion. In their reply to the motion to dismiss, Defendants provide the following background regarding the disposition of Plaintiff's state court case.

On August 22, 2008, Plaintiff filed suit against Toledo in the District Court of Lamar County, Texas. Shortly thereafter, Toledo filed its Original Answer and Motion to Transfer Venue to Shelby County, Texas which is the principal place of business for Toledo. According to Toledo, Plaintiff agreed in writing to transfer the case to Shelby County, Texas, as evidenced by Plaintiff's signature on the Agreed Order of Transfer, which was filed with the Lamar County Clerk. In transferring the case from Lamar County to Shelby County pursuant to the agreement by the parties, Toledo asserts

the Lamar County Clerk made a clerical error in the standard form letter that was sent to Attorney Shires, with a copy to Plaintiff. Toledo asserts the letter erroneously included Lamar County's standard form language that is included in cases concerning child support cases with the Texas Attorney General:

> The order to transfer has been signed in the above numbered and styled cause. Any future child support will continue to be paid to the Texas Child Support Unit as previously ordered. According to Toledo, the Lamar County Clerk's Office realized
>
> the mistake and promptly issued a correction letter addressed to Attorney Shires and
>
> copied to Plaintiff:
>
> Enclosed you will find a corrected TRANSFER LETTER. I am sorry for the clerical error. I hope this clears up the misunderstanding.

Once the case was transferred to Shelby County, Texas, Toledo filed a Motion for Sanctions pursuant to Texas Rule of Civil Procedure 13, requesting both monetary sanctions and dismissal of Plaintiff's claim for being brought in bad faith and for the purposes of harassment. Plaintiff was forwarded a copy of the motion via certified mail return receipt requested on November 25, 2008. Plaintiff received and signed for the motion on November 29, as evidenced by his signature on a certified return receipt "green card."

Plaintiff filed no response to Toledo's motion for sanctions. Plaintiff was given notice of the hearing on the motion via both first class United States mail and certified mail return receipt requested on December 5, 2008, as evidenced by the "green card" showing receipt by Plaintiff on December 8. The court held a hearing on the motion for sanctions on December 12. Although advised of the motion and the hearing date and time, Plaintiff did not attend the hearing. After hearing testimony from counsel, the court found that Plaintiff's suit was groundless and was brought in bad faith and for the purposes of harassment. The court ordered sanctions against Plaintiff,

dismissing his suit with prejudice and ordering Plaintiff to pay Toledo $1,500.00 in attorney's fees as monetary sanctions.

## PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION

In her Report and Recommendation dated May 25, 2010, the Magistrate Judge recommended Defendants' motion to dismiss be granted and that Plaintiff's above-entitled and numbered cause of action be dismissed with prejudice. The Court further recommended the Court impose the following sanction against Plaintiff:

> Robert Garland is prohibited from proceeding with any civil action in this court - whether he filed it in this court, he filed it in another court and it was removed to this court, or he filed in another federal court and it was transferred to this court - unless he obtains from a district judge of this court leave to proceed in this court.

Shortly thereafter, Plaintiff filed a motion to withdraw his complaint. In his motion, Plaintiff does not substantively address the Magistrate Judge's findings and conclusions nor does he address the Magistrate Judge's recommended sanction.

Defendants filed a response to Plaintiff's motion, asserting Plaintiff has a long history of filing frivolous and harassing pleadings in both federal and state courts, many involving the same or similar alleged causes of actions. According to Defendants, the sanction recommended by the Magistrate Judge is the only protection that Defendants and others have against Plaintiff's ability to continue filing frivolous pleadings in the future. Defendants object to a voluntary dismissal without prejudice of Plaintiff's case and request the Court dismiss Plaintiff's case with prejudice.

## *DE NOVO* REVIEW

As noted by the Magistrate Judge, Plaintiff attempts to state a cause of action for violation of his civil rights pursuant to 42 U.S.C. § 1983. Section 1983 provides a claim against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another's

4

constitutional rights. 42 U.S.C. § 1983. A person acts under color of state law if he misuses "power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (*quoting United States v. Classic,* 313 U.S. 299, 326 (1941)). "Under 'color' of law means under 'pretense' of law." *Screws v. United States*, 325 U.S. 91, 111 (1945). Acts of officers performing their official duties "are included whether they hew to the line of their authority or overstep it," but acts of officers "in the ambit of their personal pursuits" are generally excluded. *Id.*

Defendant Toledo is a private corporation with no relation to the State of Texas or any governmental authority. Defendant Shires is an attorney licensed to practice in the State of Texas and is a partner in the private law firm of Mettauer Shires and Adams in Center, Texas. Defendant Gregston is an associate attorney for the private law firm of Mettauer, Shires and Adams.[1] Plaintiff has not alleged, nor can he prove, that Defendants acted under color of law at any time. Therefore, assuming Plaintiff could prove the facts alleged in his complaint, Plaintiff cannot prove the elements necessary to state a claim under 42 U.S.C. § 1983 against Defendants. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. The Court adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court, granting Defendant's motion to dismiss and dismissing with prejudice Plaintiff's above-entitled and numbered cause of action.

The Court now considers the Magistrate Judge's recommended sanction against Plaintiff.

---

[1] The only specific allegation against Defendant April Gregston is Plaintiff's claim that she requested the Lamar County clerk's office include in the transfer letter to Shelby County a sentence regarding future child support payments. According to Plaintiff, the clerk's office included the sentence in an attempt to interfere with Plaintiff's court filing. Plaintiff alleges Defendant Stephen Shires could then use that false information to further discredit Plaintiff. (Compl. at 2).

5

As outlined by the Magistrate Judge, Plaintiff has not only filed the state court case against Toledo, but he has also filed more than a dozen cases in the Eastern District of Texas alone. *See* cause numbers 4:04CV299 (breach of contract case against Hibernia National Bank and Carol Hicks); 4:07CV517 (case under the Fair Labor Standards Act and Title VII of the Civil Rights Act of 1964 for discrimination and harassment on the basis of his race and age); 4:08CV254 (case under the Fair Credit Reporting Act alleging discrimination against Equifax for inaccurate information included in plaintiff's credit report or consumer disclosures); 4:08CV269 (case under the Fair Credit Reporting Act alleging discrimination because Experian reported certain accounts in plaintiff's credit report and failed to remove the negative items from his credit file); 4:08CV361 (plaintiff alleged Trans Union was reporting false and inaccurate information, causing him stress and preventing him from getting employment); 4:08CV371 (plaintiff alleged American Express included inaccurate information on his credit report); 4:09CV12 (employment discrimination case under Title VII of the Civil Rights Act of 1964); 5:10CV43 (§ 1983 civil action "for deprivation of rights, consumer credit, personal injury, [and] defamation"); 5:10CV47 (case against City Finance for legal malice, defamation, slander, and personal injury); 5:10CV49 (negligence cause of action against store wherein Plaintiff alleges he was injured from falling at one of the defendant's stores); 5:10CV52 (civil rights action against an attorney and law firm regarding a false statement regarding child support payments); 5:10CV54 (§ 1983 civil action against Marvin Ann Patterson, Michele Wilson, Gary Young, and others regarding a misstatement regarding child support payments that Plaintiff did not owe); and 5:10CV88 (§ 1983 civil action against police employee).

In *Garland v. Marvin Ann Patterson, et al.*, cause number 4:09CV10 (E.D. Texas 2009), Plaintiff, who was proceeding pro se, originally sued Marvin Ann Patterson, the elected District

6

Clerk for Lamar County, Texas, and Michelle Wilson, an employee of the Lamar County Clerk's Office, for civil rights violations. After this suit was filed, Plaintiff filed a separate action against Defendant Gary Young, the Lamar County District Attorney (cause number 4:09CV261). The court consolidated the two matters. Specifically, Plaintiff alleged Defendants made negligent misstatements regarding child support payments that Plaintiff did not owe, violating Plaintiff's civil rights. The magistrate judge recommended Defendants' motion for summary judgment be granted and that Plaintiff's case be dismissed with prejudice. Among other things, the magistrate judge found Plaintiff had not overcome Defendants' qualified immunity defense. After considering Plaintiff's objections to the report and recommendation, the district judge adopted the findings and conclusions of the magistrate judge and dismissed Plaintiff's claims with prejudice.

Given Plaintiff's history of filing lawsuits involving the same or similar allegations, the Court agrees with the Magistrate Judge that Plaintiff is a vexatious litigant and should be sanctioned. District courts "have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants." *Ruston v. Dallas County, Texas, et al.*, 2008 WL 958076, *2 (N.D. Tex. 2008). Pursuant to this obligation, the Court adopts the recommended sanction against Plaintiff as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Withdraw (Dkt. No. 35) is **DENIED**.

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's Suit for Failure to State a Claim (Dkt. No. 6) is **GRANTED**. It is further

**ORDERED** that Plaintiffs' above-entitled and numbered cause of action is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that Robert Garland is prohibited from proceeding with any civil action in this court - whether he filed it in this court, he filed it in another court and it was removed to this court, or he filed in another federal court and it was transferred to this court - unless he obtains from a district judge of this court leave to proceed in this court.

**SIGNED this 21st day of June, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE